# CHARLESTON.

State *ex rel.* T. W. Woodward *v.* Black Betsey Consolidated
Coal Co.

(No. 5856)

Submitted November 24, 1926.   Decided November 30, 1926.

Mandamus—

> As a general rule the relator in mandamus must have de-
> manded performance of the act or duty which he thereby
> seeks to enforce.

Original Jurisdiction in Mandamus.

State ex rel. T. W. Woodward, against Black Betsey Con-
solidated Coal Company.

*Writ denied.*

*Poffenbarger, Blue & Dayton,* for relator.

*Brown, Jackson & Knight, Angus McDonald* and *J. C.
Morrison, Jr.,* for respondent.

Litz,. President :

· The relator T. W. Woodward, as a minority stockholder of
the respondent, Black Betsey Consolidated Coal Company, a
corporation, seeks by writ of mandamus an inspection of its
records, and disclosure of its assets, liabilities and financial
condition.

The Black Betsey Consolidated Coal Company is the owner
of a large acreage of coal and timber lands in Webster and
Nicholas counties, West Virginia.   The relator is the owner
of 104 shares of its 7500 shares of stock issued and outstand-
ing.

· July 22, 1925, the relator addressed and mailed to the
officers of the respondent a letter requesting that the pres-
ident and board of directors meet and declare a dividend
"commensurate with the· ability of. said company to pay the
same from the net .profits".   August 13, 1925, the relator
addressed and mailed to certain officers of the company an-
other letter stating:

"Please let me have trial balances of the Black Betsey Consolidated Coal Company as of June 30, 1924; December 31, 1924, and June 30, 1925. Also let me have condensed statements of the assets and liabilities of the above mentioned Company on the above dates.

"Also let me have statement showing the distribution and application of the $250,000.00 received by the above mentioned Company from the sale of the Black Betsey property of the Otto Marmet Coal and Mining Company.

"Also let me have statement showing the amount received by the above mentioned Company from the sale of the M-B Coal and Coke Company's improvements to the Indian Run Collieries Company and the application and distribution of the same. Also let me have a statement showing the amount of royalties received by the above mentioned Company from the Indian Run Collieries Company each year, and the application and distribution thereof.

"Also let me have a statement of the monies received from the timber sales of timber sold on the Fayette County, W. Va. lands, the Webster County, W. Va. lands and the extra amount received for the time extension to remove the timber from the last mentioned tract, and the application and distribution of such monies received from such timber sales."

Neither of these letters having been replied to, the relator, after waiting until October 5, 1926, on that date, without further request, filed his petition in this proceeding.

In its answer to the petition, the respondent says it "was ready and willing, and has been at all times, and is now, ready and willing that the relator or his agent examine the books of said company, and obtain therefrom such information as desired for the purpose mentioned in his petition".

At common law a single stockholder of a corporation is entitled to inspect its books and records at reasonable times for reasonable purposes. The principal question presented in oral argument and on brief of counsel is whether or not the common law right has been abrogated by Section 47, Chapter 53, Code, providing:

"The property and funds, books, correspondence
and papers of the corporation, in the possession or
control of any officer or agent thereof, shall at all
times be subject to the investigation of the board of
directors, or a committee appointed for the pur-
pose by a general meeting of the stockholders. The
minutes of the resolutions and proceedings of the
board shall for thirty days before the annual meet-
ing of the stockholders, be open to the inspection
of any committee appointed, in writing, by the
holder or holders of at least one-twentieth part of
the total value of outstanding shares, or by the
holder or holders of such number of shares. They
shall be produced when required by the stock-
holders at any general meeting."

Counsel for the respondent assert the affirmative, while
counsel for relator maintain the negative of the issue.

The opinion written by Judge POFFENBARGER in the case of
*Lipscomb Admr.* v. *Condon,* 56 W. Va. 416, involving the
right of the creditor of a stockholder to inspect the books of a
corporation, states:

"Nowhere in our corporation laws does it appear
any of the records required to be kept are in any
sense public records. Section 43 of chapter 53
requires a list of the stockholders, showing the
number of shares and votes to which each is en-
titled to be hung up in the most public room at the
principal office or place of business of the corpor-
ation, for one month before every annual meeting
of the stockholders. Section 47 of the same chap-
ter declares that the funds, books, correspondence
and papers of the corporation shall be at all times
subject to the inspection of the board of directors
or a committee thereof, appointed for the purpose,
or of any committee appointed for the purpose by
a general meeting of the stockholders. No pro-
vision appears to give to the individual stock-
holder, much less a creditor of his, a creditor of the
corporation, or a wholly disinterested person, the
right of inspection at all times, or at any time. The
board of directors is required by section 46 of
chapter 53 to make a report to the stockholders
at the annual meeting, showing the condition of the

corporation, and then .declares that 'the board shall furnish to each stockholder requiring it, a true copy of such report, together with a list of the stockholders and their places of residence''. By section 47 of chapter 53, every stockholder has a limited right of inspection. It is only for thirty days before the annual meeting of stockholders, and extends, not to the 'property and funds, books, correspondence and papers of the corporation', but only to 'the minutes of the resolutions and proceedings' of the board of directors.''

Counsel for relator says that this statement is mere *obiter* and an incorrect pronouncement of the law, in so far as it indicates that statutory regulation of the right of stockholders to inspect the books of a corporation supersedes and abrogates the common law right. It is unnecessary, however, in the decision of this case to determine the question under consideration. No previous demand having been made by the relator therefor, and respondent being willing to accord him the right of inspection, the peremptory writ will be denied.

As a general rule the relator must have demanded performance of the act or duty which he seeks to enforce by mandamus. 38 C. J. 576. ''The demand must be express and distinct and not couched in general terms, but should plainly and accurately demand the performance of that which the court is asked to compel the respondent to do.'' *New Martinsville v. Telephone Company,* 68 W. Va. 726; 38 C. J. 578.

Sufficient reason is neither alleged nor shown by the relator for disclosure by the corporation, if indeed there be such right to a stockholder which may be enforced by writ of mandamus.

*Writ denied.*